411 So.2d 439 (1982)
STATE of Louisiana
v.
Alvin JOHNSON.
No. 81-KA-1981.
Supreme Court of Louisiana.
March 1, 1982.
Rehearing Denied April 5, 1982.
*440 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Victor Ortiz, Louise Korns, J. Kevin McNary, Asst. Dist. Attys., for plaintiff-appellee.
J. Donice Alverson, New Orleans, for defendant-appellant.
CALOGERO, Justice[*]
In this appeal from a conviction of the crime of simple robbery, we entertain defendant's protest that his taking the dropped purse of a woman who fought him as he beat and attempted to rob the woman's female companion was not "theft ... by use of force or intimidation" as required by La.R.S. 14:65.
Defendant Alvin Johnson was tried before a six person jury and found guilty as charged of simple robbery. He was sentenced to serve three years' imprisonment in parish prison. On appeal, defendant urges two assignments of error.
On June 26, 1979, at approximately 9:10 p. m., two young women were standing at a bus stop on Basin Street in the City of New Orleans. One of the women, Ms. Flieger, testified that a black male approached them from Iberville Street, stopped behind them, and leaned against the building. About thirty seconds later, he started to walk away, then turned around and started beating on the other woman and trying to get the purse that was under her arm. Ms. Flieger went to assist her friend and commenced hitting and kicking the assailant. The friend got away and ran across the street. Ms. Flieger then kicked the assailant and he fell down.
She stated that she "thought he was going to beat me," so she began to run towards Canal Street, thinking he was going to come after her. After taking ten to fifteen steps, she realized that he was not chasing her so she stopped and turned around. At that moment, she realized that she had dropped her purse during the scuffle, and she saw the assailant picking it up. She ran towards the man, and chased him until he entered the courtyard of the Iberville Housing Project. At that point, a cab driver picked her up and drove her around the corner to a police officer's car. She described to the officers the man who stole her purse. They radioed the description to other officers in the area. About ten or fifteen minutes later, a second police car drove up with a man in the back seat. Ms. Flieger identified that man, the defendant herein, as the person who had committed the crime.
Thereafter defendant was charged with the offense of simple robbery.

Assignment of Error No. 1
By this assignment of error, defendant contends that the prosecution failed to prove an essential element of the crime of simple robbery, that is, "use of force or intimidation."
At the time the offense was committed, La.R.S. 14:65, with which defendant was charged, defined simple robbery as follows:
Simple robbery is the theft of anything of value from the person of another or which is in the immediate control of another, by use of force or intimidation, but not armed with a dangerous weapon.
Whoever commits the crime of simple robbery shall be imprisoned, with or without hard labor, for not more than seven years.
Defendant argues that he should not have been found guilty of simple robbery *441 because he only stole Ms. Flieger's purse, which was not on her person or within her immediate control at the time he took it; the only force or intimidation employed, as between him and Ms. Flieger, was that used upon him by her.
Addressing a similar argument in State v. Mason, 403 So.2d 701 (La.1981), this Court affirmed the defendant's conviction for simple robbery where the defendant stole the victim's purse from her home on his way out of the house after a rape attempt of the victim had been interrupted by the victim's son. The Court found that but for the prior acts of violence and aggression towards the victim, the theft would not have been accomplished. The Court therein held:
By providing a more severe grade of theft for those instances in which a thief uses force or intimidation to accomplish his goals, the legislature apparently sought to emphasize the increased risk of danger to human life posed when a theft is carried out in face of the victim's opposition. Because the possibility of such a violent confrontation may exist in situations other than those where property is taken directly from the person of another, it has been recognized that it is sufficient for robbery that the property taken be sufficiently under the victim's control, such that, had the victim not been subjected to violence or intimidation by the robber, he could have prevented the taking. In addition, most jurisdictions have not required that the defendant's acts of violence or intimidation be done for the very purpose of taking the victim's property; rather, it is enough that he takes advantage of a situation which resulted from the prior use of force or intimidation. (Citations omitted.)
Likewise, in the present case, if it were not for the defendant's violent attack on Ms. Flieger's friend, Ms. Flieger would not have had cause to assist her friend in an attempt to ward off the attacker and protect their belongings. Furthermore, Ms. Flieger testified that she dropped her purse during the scuffle with the assailant, and it was only because she thought he was going to chase her that she ran from the scene leaving her purse behind. Thus, as stated in Mason, "had the victim not been subjected to violence or intimidation by the robber, [she might have] prevented the taking." It is the increased risk of danger to human life caused when a theft is attempted in the face of the victim's opposition that caused the legislature to differentiate between robbery and mere theft. That increased danger was obviously present here.
This assignment lacks merit.

Assignment of Error No. 2
By this assignment of error defendant contends that his sentence to three years' imprisonment is excessive and that the trial court failed to comply with the provisions of La.C.Cr.P. art. 894.1.
La.C.Cr.P. art. 894.1 sets out the general guidelines which must be followed by the trial judge in determining what sentence is appropriate in each case. It has consistently been held that the trial court need not articulate every aggravating and mitigating circumstance recited in Article 894.1, provided the record reflects that the court adequately considered these guidelines in particularizing the sentence to the defendant and to his conduct. State v. Vaughn, 378 So.2d 905 (La.1979); State v. Franks, 373 So.2d 1307 (La.1979).
In imposing a three year prison sentence, the trial judge stated:
I'm in receipt of the pre-sentence investigation in this case. Frankly, the department has recommended against any type of probation, and I agree. It's just added up to be too many offenses, Mr. Johnson, including in the past, the conviction for theft, aggravated assault, and then this offense which the jury found you guilty of.
Although the trial judge's brief statement standing alone would not fulfill the requirements of La.C.Cr.P. art. 894.1, we conclude that the record in this case clearly supports the sentencing choice. The sentencing judge presided over the defendant's trial and was quite familiar with the *442 defendant's criminal conduct in the perpetration of this offense, which caused and threatened serious harm to these two women. Additionally, the record reflects that the trial judge was aware of the fact that defendant had been previously convicted of two prior offenses, theft and aggravated assault.
The trial judge had the discretion to sentence the defendant up to seven years at hard labor under La.R.S. 14:65. Defendant's three year sentence to parish prison was closer to the minimum end of the statutory range than to the maximum end. The factual bases for the sentence can be derived from the record and the judge's articulated reasons. We therefore conclude that the sentence imposed was supported by the record and was not arbitrary or excessive.

Decree
For the foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[*] Judges Burrell J. Carter, Felix H. Savoie, Jr. and Melvin A. Shortess of the Court of Appeal, First Circuit, participated in this decision as associate justices ad hoc, joined by Chief Justice John A. Dixon, Jr., and Associate Justices Pascal F. Calogero, Jr., Walter F. Marcus, Jr. and James L. Dennis.