506 So.2d 1197 (1987)
STATE of Louisiana
v.
Labarsa LEBLANC.
No. 86-K-2394.
Supreme Court of Louisiana.
May 18, 1987.
*1198 Stewart Thomas, Thomas & Cassidy, Jennings, for applicants.
William J. Guste, Jr., Atty. Gen., Wendell Miller, Dist. Atty., Jacquelyne J. Heinen, Asst. Dist. Atty., for respondent.
LEMMON, Justice.
We granted certiorari to determine whether the evidence was sufficient to support defendant's conviction of attempted molestation of a juvenile. The critical issue is whether defendant's lewd act upon the juvenile's person was committed "by use of force", as contemplated by La.R.S. 14:81.2, the statute which defines the crime of molestation of a juvenile.
The victim, a fourteen-year old boy, was jogging on the road when defendant, a sixty-one year old man, drove his truck alongside the boy and began talking to him. After asking the boy if he "had been getting any from [his] girlfriend", defendant offered to masturbate the boy for money. When the boy declined, defendant placed his thumb into the boy's short pants and his fingers on the outside of the pants over the boy's genitals. The boy punched defendant in the face and ran away.
The bill of information charged that defendant:
"did unlawfully commit a lewd act upon the person of [the victim], a juvenile there being an age difference greater than two years between the two, with the intention of arousing or gratifying the sexual desires of either person, by the use of force (a felony), in violation of LSA R.S. 14:81.2, by the defendant pushing his hand into the pants of [the victim] and grabbing the genitals of [the victim]."
Following the trial, the jury unanimously found defendant guilty of the responsive offense of attempted molestation of a juvenile. In denying the post-verdict motion for acquittal based on the alleged insufficiency of evidence of use of force, the trial judge observed that there was evidence of an "unauthorized touching with some force". The judge analogized the touching in this case to the mere rubbing of a sleeping child's genitals which was held to be sufficient evidence of "use of force" for the crime of battery under La.R.S. 14:33 in State v. Mitchell, 466 So.2d 514 (La.App. 3rd Cir.1985), cert. denied, 467 So.2d 1121.
The court of appeal affirmed. 497 So.2d 387. The intermediate court concluded that the evidence was sufficient for a rational juror to conclude beyond a reasonable doubt that defendant had the specific intent to commit a lewd act upon the person of the boy by use of force, the force being defendant's grabbing the boy's genitals.[1] We granted certiorari. 501 So.2d 764.
The due process clause of the fourteenth amendment to the United States Constitution requires that the prosecution prove beyond a reasonable doubt every essential element of the crime of which the accused is convicted. In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). On an appeal in which the sufficiency of the evidence has been challenged, the reviewing court must determine whether the evidence, viewed in the light most favorable to the prosecution, was sufficient for a rational trier of fact to conclude that every essential element of the crime had been proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Byrd, 385 So.2d 248 (La.1980).
La.R.S. 14:81.2, added by Acts 1984, No. 220, defines the crime of molestation of a juvenile in pertinent part as follows:

*1199 "Molestation of a juvenile is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile." (emphasis added)
Thus, the essential elements of the crime of molestation of a juvenile, each of which the prosecution must prove beyond a reasonable doubt, are that the accused:
1. committed a lewd or lascivious act upon the person or in the presence of a child under the age of seventeen.
2. was over the age of seventeen and more than two years older than the victim.
3. had the specific intent to arouse or gratify either the child's sexual desires or his own sexual desires.
4. committed the lewd or lascivious act by use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile.
The definition of the new crime of molestation of a juvenile was a verbatim repetition of the definition of the crime of indecent behavior with a juvenile, with the addition of the essential element of the use of force (or use of some other enumerated behavior of the accused).[2] It is therefore evident that the 1984 Legislature intended to create two distinct grades of crimes involving lewd acts with juveniles, the distinguishing element being the use of force (or use of some other enumerated behavior). The Legislature also manifested its impression of the greater seriousness of the new crime by providing a sentencing range of one to ten years (fifteen under certain circumstances), whereas the sentencing range of the crime of indecent behavior was zero to five years.[3]
The only question in the present case as to the sufficiency of the evidence is whether the defendant committed the lewd act by use of force.[4] The lower courts misconstrued the "use of force" requirement of the statute. The court of appeal reasoned that the simple grabbing of the boy's genitals constituted the "use of force" sufficient to fulfill the statutory requirement. However, a statute should be construed with reference to the entire system of applicable law. Some minimum degree of force or physical effort is required to commit the lewd act which is an essential element of the crime of indecent behavior with a juvenile. When the more serious crime of molestation of a juvenile was enacted with the additional essential element of "use of force", the Legislature must have contemplated a requirement of additional aggravating conduct consisting of some added element of force, above and beyond that force or effort necessary to commit the lewd act upon the person.[5]
*1200 A genuine construction of La.R.S. 14:81.2 as part of the overall criminal law pertaining to lewd acts with juveniles therefore leads to the conclusion that the Legislature contemplated a requirement of something more than the mere exertion of physical effort necessary to commit the lewd act. Properly construed, the "use of force" element refers to the forcible means of overcoming the will or the resistance of the victim, and this additional essential element requires a use of force in addition to any mere touching or minimum effort exerted in performing the lewd act. This added element of force must be substantially greater than or substantially different from the force which is necessary to commit the less serious offense of indecent behavior with a juvenile. See People v. Cicero, 157 Cal.App.3d 465, 204 Cal.Rptr. 582 (Ct.App.1984).[6]
Furthermore, the trial court's analogy of the force necessary for molestation of a juvenile to the force required for a battery is inappropriate. The "use of force" requirement in the crime of molestation of a juvenile is much more comparable to the "use of force" requirement in simple robbery, as defined in La.R.S. 14:65, than to the element of the crime of battery defined in La.R.S. 14:33.[7] The "use of force" in La.R.S. 14:33 contemplates the minimum force or violence upon the person necessary to commit the crime of battery and distinguishes the crime from an accidental or incidental touching. Moreover, the force constitutes the criminal act itself, rather than the means of overcoming the victim's will. On the other hand, the crime of robbery contemplates that some energy or physical effort will be exerted in the "taking" element of the crime and that some additional "use of force" in overcoming the will or resistance of the victim is necessary to distinguish the crime of robbery from the less serious crime of theft, as defined by La.R.S. 14:67. See State v. Johnson, 411 So.2d 439 (La.1982). For discussions of the "use of force" element of robbery, see R. Perkins & R. Boyce, Criminal Law, Ch. 4, § 2C (3d ed. 1982); 4 Wharton's Criminal Law § 475 (14th ed. 1981).
In the present case, defendant exerted a minimal amount of physical effort when he grabbed the boy's genitals. That lewd act upon the boy's person constituted the crime of indecent behavior with a juvenile. Some additional force designed to overcome the boy's will or his resistance to participation in the lewd act was required to constitute the crime of molestation of a juvenile. Proof of defendant's holding the boy's arm, for example, while he grabbed the genitals might have been sufficient to fulfill the "use of force" requirement of the greater crime. However, there was no *1201 evidence whatsoever of any additional force designed to overcome the boy's will or his resistance to the lewd act. Because the prosecution failed to prove the use of (or the specific intent to use) any force other than the effort necessary to commit the lewd act upon the boy's person, there was insufficient evidence of an essential element of the greater offense of molestation (or attempted molestation) of a juvenile.
Nevertheless, the jury, by returning a verdict of guilty of the greater offense of attempted molestation of a juvenile, necessarily found the existence of every essential element of the lesser and included offense of attempted indecent behavior with a juvenile, and the evidence fully supports the finding of every essential element of that lesser and included crime. See La.R.S. 14:5 pertaining to lesser and included offenses. Under such circumstances, a reviewing court, pursuant to La.C.Cr.P. art. 821 C, may modify the jury's verdict and enter a judgment of conviction of the lesser and included offense. State v. Lombard, 486 So.2d 106 (La.1986).
Defense counsel points out, however, that the jury did not have the option to return the lesser verdict because the trial judge failed to include an instruction that indecent behavior with a juvenile was a lesser and included offense. Accordingly, counsel argues that this court should order a new trial rather than modifying the verdict.
Counsel's argument falls short of justifying the granting of a new trial. First, counsel did not request an instruction on the lesser and included offense and did not object to the judge's failure to include the offense in the instruction or the verdict sheet. The lack of a contemporaneous objection precludes the defense from asserting the error on appeal.[8] Moreover, the criteria for modifying a verdict under La.C.Cr.P. art. 821 is not whether the jury was instructed on the lesser and included offense (since the relief for the judge's failure to give such an instruction in the face of a contemporaneous objection is a new trial), but rather whether the jury which returned a verdict of guilty of the greater offense necessarily found all of the essential elements of the lesser offense.
As the court of appeal correctly observed in this case, indecent behavior with a juvenile is clearly a lesser and included offense because it does not require proof of any element that is not required in the charged offense of molestation of a juvenile. Therefore, the jury, by finding every essential element of the greater offense, necessarily found every essential element of the lesser and included offense. State v. Byrd, 385 So.2d 248 (La.1980).
Accordingly, the judgment of conviction of attempted molestation of a juvenile is modified to a judgment of conviction of the lesser and included offense of attempted indecent behavior with a juvenile. The case is remanded to the trial court for sentencing on the modified judgment of conviction.
DENNIS, J., concurs with reasons.
MARCUS, J., dissents.
WATSON, J., dissents being of the opinion that the circumstances here constitute sufficient proof of attempted molestation especially considering the victim's rejection of the advances and the subsequent grabbing.
NOTES
[1] Specific intent to commit the offense is an essential element of the proof necessary to convict an accused of an attempt to commit the offense intended. La.R.S. 14:27.
[2] La.R.S. 14:81, in pertinent part, defines the crime of indecent behavior with a juvenile as follows:

"Indecent behavior with juveniles is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person."
[3] Since the date of the crime in this case, the maximum sentence for indecent behavior with a juvenile has been increased to seven years. See Acts 1986, No. 406.
[4] Since "use of force" was the only method described in the charging document, and since the prosecution has not urged that the evidence is sufficient to support a conviction under any other enumerated conduct, it is not necessary to discuss the other conduct enumerated in La.R.S. 14:81.2.
[5] If the touching of a juvenile's genitals was sufficient to satisfy the "use of force" requirement, then every incident of indecent behavior with juveniles involving the touching of genitals would also constitute the more serious offense of molestation.

Another indication of legislative intent relative to a requirement of physical force in addition to that necessary to commit the lewd act itself is the fact that the Legislature, in the same session that molestation of a juvenile was added to the Criminal Code, amended the crime of sexual battery to make the offense complete upon the mere touching of the genitals of a child under the age of fifteen. (The amendment eliminated the requirement of placing the victim in fear of bodily harm in those cases in which the victim is under the age of fifteen. See La.R.S. 14:43.1, as amended by Acts 1984, No. 924.) The fact that molestation of a juvenile is a more serious crime (because of the mandatory minimum sentence) than a sexual battery committed by mere touching of the genitals of a fourteen-year old victim is a further indication that the "use of force" element of molestation contemplates something more than the mere touching of the victim's genitals. Of course, defendant could have been charged with sexual battery in the present case.
[6] In Cicero, the California court considered a statutory scheme similar to Louisiana's and concluded that the additional element of "use of force" in the more serious offense requires "physical force substantially different from and substantially greater than that necessary to accomplish the lewd act itself". Id. at 475, 204 Cal.Rptr. 582. See also People v. Pitmon, 170 Cal.App.3d 38, 216 Cal.Rptr. 221 (Ct.App.1985).
[7] La.R.S. 14:65, in pertinent part, defines the crime of simple robbery as follows:

"Simple robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, but not armed with a dangerous weapon." (emphasis added)
La.R.S. 14:33, in pertinent part, defines battery as "the intentional use of force or violence upon the person of another". (emphasis added)
[8] One principal purpose of the contemporaneous objection rule is to prevent a defendant's "sitting on an error" in order to gamble on a favorable verdict and then raising the error on appeal in order to get a second chance. State v. Arvie, 505 So.2d 44 (La.1987). If counsel had objected timely, the trial judge could have corrected the error in this case. Furthermore, defense counsel may have refrained from objecting as a tactical measure, preferring to gamble that the insufficient evidence of an essential element of the charged offense would result in an acquittal rather than a conviction of the lesser and included offense on which counsel could have required that the jury be instructed. See State v. Mart, 419 So.2d 1216 (La.1982).