GULOTTA, Chief Judge.
Perry Mack was convicted of molestation of a juvenile, LSA-R.S. 14:81.2, and was sentenced to serve four years. In his sole assignment of error, defendant contends that because the State failed to prove two essential elements of the crime, the evidence is insufficient to support his conviction. According to defendant, the State failed to establish: 1) the use of “force” by defendant on the victim, and 2) that defendant was over the age of seventeen and that the age difference between defendant and the fifteen year old victim was greater than two years.[1] We affirm.
Before reaching the merits of defendant’s assignment, we have reviewed the record for errors patent. The minute entry of January 21,1986, does not indicate whether defendant waived his right to a twenty-four hour delay between the denial of his motion for a new trial and sentencing. Although the failure of the trial judge to observe this delay period is an error patent, we conclude this error to be harmless because defendant has made no showing of prejudice. See State v. Brogdon, 426 So.2d 158 (La.1983) and State v. Hancock, 502 So.2d 1098 (La.App. 4th Cir.1987).
Defendant, relying on State v. LeBlanc, 506 So.2d 1197 (La.1987), contends the State failed to establish that he used “force, violence, duress, menace, psychological intimidation, or threat of great bodily harm” in having the victim engage in the sexual act. In support of this contention, defendant argues the victim’s consent is a defense in this case.
To support a conviction for molestation of a juvenile, the State must prove that: 1) there was a lewd or lascivious act committed by a person over the age of seventeen upon the person or in the presence of any child under the age of seventeen and that the age difference between the two parties is greater than two years; 2) that the act was done with the intention to arouse or gratify the sexual desires of either person; and 3) the act was accomplished by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile. Lack of knowledge of the juvenile’s age is not a defense.
The victim testified that on the evening of January 27, 1985, she was playing cards at her aunt’s house with her cousin who was defendant’s girlfriend. Her aunt intended to send her home in a cab, however, defendant’s girlfriend told the aunt that she would have defendant bring the victim home. Mack first brought his girlfriend home and then returned for the victim. They departed between 7:30 p.m. and 8:00 p.m. and while enroute stopped at an address which defendant told the victim was his sister’s house. Inside the residence, defendant and another woman started “smoking marijuana” after which defendant asked her (the victim) if she want *569 ed to have sex with him. According to the victim, she refused and told Mack that she wanted to go home. When Mack reminded the victim that she had to be taken home by him, the fifteen year old victim stated that she “had to cooperate with him” because she had “no other way to get home.” The victim further testified that upon penetration, she said to defendant “You know, I’m fifteen years old”, whereupon defendant discontinued the sex act. The victim additionally explained that it was dark outside and she was afraid.
On the other hand, the Mack testified that he came for the victim between 6:30 p.m. and 6:45 p.m. According to defendant, they drove “out to the lake” and then went to a friend’s house “in St. Thomas” because the victim had “let me know that she wanted to make sex to me.” Furthermore, Mack admitted that he had sex with the victim and stated that she had told him she was sixteen and not fifteen.
When we consider the age of the victim, her fear of being stranded at a strange place on a January night without a ride home if she did not consent to sexual relations, we conclude that the jury reasonably could have found that because of duress or intimidation the victim acquiesced in the sexual act.
Because of our holding, we conclude that defendant’s reliance on State v. LeBlanc, supra, is misplaced. In that case, the defendant, charged with molestation of a juvenile, “offered to masturbate” the fourteen year old boy. The youth declined and the defendant then placed his fingers “on the outside of the pants over the boy’s genitals.” The court determined that the “minimal amount of physical effort ... used” by defendant “constituted the crime of indecent behavior with a juvenile”, a lesser offense.[2] However, the court went on to say that “[s]ome additional force designed to overcome the ... will or ... resistance” of the victim to participate “in the lewd act” was necessary to establish the crime of molestation of a juvenile. The court then found there was no proof of “any force other than the effort necessary to commit the lewd act upon the boy’s person” and modified the conviction from attempted molestation of a juvenile to the lesser included offense of attempted indecent behavior with a juvenile.
Our case differs from LeBlanc. In the cited case, the issue was whether physical force was exerted as an element to find defendant guilty of molestation of a juvenile. In the instant case, the thrust of the State’s case was not the use of physical force but the use of duress and intimidation to accomplish the sexual act. Le-Blanc is not applicable to this case.
In his other contention, defendant claims that because the record is devoid of competent and affirmative evidence showing that he was over seventeen and at least two years older than the victim, the State failed to prove this necessary element of the crime. We disagree.
Both the “RETURN ON THE SEARCH WARRANT” and the “RIGHTS OF AN ARRESTEE OR SUSPECT” forms which were received into evidence, (and apparently seen by the jury) list defendant’s birth-date as being 2-23-61. Furthermore, the victim stated that she was fifteen years of age at the time of the January 27, 1985 offense. Because of the jury’s guilty finding, a reasonable conclusion can be made that the jury considered the birth date of the defendant as it appeared on the return of the search warrant and concluded that he was well over the age of seventeen years.
Having so concluded, we reject defendant’s contention that the evidence was insufficient to support the conviction. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. *570 2781, 61 L.Ed. 560 (1979). Accordingly, we affirm the judgment of the trial court.
AFFIRMED.

. LSA-R.S. 14:81.2 provides in pertinent part: A. Molestation of a juvenile is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile. Lack of knowledge of the juvenile’s age shall not be a defense.

. LSA-R.S. 14:81, in pertinent part, defines the crime of indecent behavior with juveniles as follows:
“Indecent behavior with juveniles is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person.”