ARMSTRONG, Judge.
The defendant, Tyronne Harrison, was charged by bill of information with simple robbery, a violation of R.S. 14:65. After a *1212 trial, a six person jury found him guilty of attempted simple robbery, a violation of R.S. 14:27, 14:65. He was sentenced to serve three and one-half years at hard labor, court costs waived. It is from this conviction and sentence that the defendant has filed this appeal.
Testimony at the trial revealed the following. On April 24, 1990, at approximately 6:30 p.m. the defendant was seen riding a small bicycle down Port street. He approached the victim, twelve year old Joseph Martin, Jr., who was standing on the corner with his ten speed bicycle. The defendant kicked the victim and told him to “get off the M.F.ing bike.” The defendant got onto the victim’s ten speed bicycle and rode the victim’s bicycle down the street while carrying the other, smaller, bicycle that the defendant was riding when he approached the victim.
The victim’s father, Joseph Martin, Sr. had come out onto the porch of his residence in time to see the defendant kick his son off of the bicycle. Mr. Martin caught up with the defendant approximately one block away. Mr. Martin told the defendant that the bicycle he was riding was not his. The defendant got off of the victim’s bicycle and threw the smaller bicycle at Mr. Martin. Mr. Martin threw the bicycle back at the defendant. Mr. Martin retrieved his son’s ten speed and returned to his son. The defendant then went into his own home, released his Doberman Pinscher, and returned with a plastic bag wrapped around a plunger. The defendant was pretending that he had a gun. Mr. Martin then returned to his residence.
At this time, the police were seen standing on the corner of Almonaster and Dor-genois streets. Mr. Martin approached the two police officers with his son’s bicycle in hand, and said that he wished to press charges against the defendant. At this time the defendant approached the officers and Mr. Martin and wanted to fight Mr. Martin. The officers told the defendant that he was under arrest, at which time the defendant fled into a nearby enclosed rear yard. The police captured the defendant and returned him to the rear seat of the police car. At this time the defendant began beating his face on the rear window of the police car. The defendant threatened the lives of the police officers as well as that of Mr. Martin. The defendant was taken to Charity hospital for treatment to a cut on the mouth, and was then transported to Central Lock-Up.
A review of the record for errors patent reveals none.
In his first assignment of error, the defendant claims that the trial court erred in imposing court costs of $159.00 or thirty days in jail in default of payment. The defendant correctly points out that the docket master and the sentencing transcript are in conflict. The docket master reflects that the trial court ordered the defendant to pay the court costs of $159.00 or serve thirty days in default of payment. The transcript, however, reveals that the court costs were waived since the defendant received the maximum sentence.
When the transcript and the minute entry are conflicting, the transcript is controlling. State v. Jones, 557 So.2d 352, 354 (La.App. 4th Cir.1990). In this case, the transcript reveals that the court costs were waived since the defendant received the maximum sentence. Defendant, therefore, is entitled to have the conflicting language removed from the docket master.
Accordingly, the trial court is ordered to correct the minute entry and docket master to reflect the sentence as revealed in the transcript.
In his second assignment of error, the defendant contends that the sentence of three and one half years is excessive because the trial court did not properly consider C.Cr.P. 894.1 when sentencing the defendant. The defendant argues that the trial judge was incorrect when he used the verbiage that “the defendant’s criminal conduct did cause or threaten serious harm to the victim,” because no serious harm was done or threatened to the victim. The defendant gives a long description of the word “serious” and contends that since the victim was only “kicked at on his leg,” *1213 the trial judge erred by imposing the maximum sentence.
The sentencing transcript documents that the trial court addressed both the aggravating and mitigating factors set forth in C.Cr.P. art. 894.1 and, therefore, complied with sentencing requirements. This assignment is meritless.
In his third assignment of error, the defendant claims that the State failed to establish that the defendant used force or intimidation, which is a necessary element of simple robbery. R.S. 14:65 defines simple robbery as follows:
The taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by the use of force or intimidation, but not armed with a dangerous weapon.
Whoever commits the crime of simple robbery shall be fined no more than three thousand dollars, imprisoned with or without hard labor for not more than seven years, or both.
The defendant argues that “the only use of force in connection with the relevant criminal conduct was a kick on the leg ...” and that the statute and case law require a greater use of force. The defendant cites State v. LeBlanc, 506 So.2d 1197 (La.1987), for the proposition that “the extra requirement of an element of force ‘above and beyond that force or effort necessary to commit the lewd act upon the person’ was necessary.” The defendant is apparently arguing that a greater force than a minimum force is necessary here.
In LeBlanc, the Supreme Court dealt with the issue of force as used in R.S. 14:81.2, which defines the crime of molestation of a juvenile. In that case, the defendant had been convicted of attempted molestation of a juvenile because he thrust his hand down the pants of a juvenile and grabbed the juvenile’s genitals. LeBlanc at 1198. The Court reduced the conviction to attempted indecent behavior with a juvenile. LeBlanc at 1201. The Court reasoned that the grabbing was the crime of indecent behavior with a juvenile, and that additional force was necessary to turn the crime of indecent behavior with a juvenile into the more serious crime of molestation of a juvenile. LeBlanc at 1200. The requisite force necessary to upgrade the offense, such as holding the juvenile by the arm in order to effect the act, was simply not present. Id. at 1200. The Court went further in its analysis of the use of force by comparing molestation to simple robbery:
The ‘use of force’ requirement in the crime of molestation of a juvenile is much more comparable to the ‘use of force’ requirement in simple robbery, as defined in La.R.S. 14:65, than to the element of the crime of battery defined in La.R.S. 14:33. The ‘use of force’ in La.R.S. 14:33 contemplates the minimum force or violence upon the person necessary to commit the crime of battery and distinguishes the crime from an accidental or incidental touching. Moreover, the force constitutes the criminal act itself, rather than the means of overcoming the victim’s will. On the other hand, the crime of robbery contemplates that some energy or physical effort will be exerted in the ‘taking’ element of the crime and that some additional ‘use of force’ in overcoming the will or resistance of the victim is necessary to distinguish the crime of robbery from the less serious crime of theft, as defined in La.R.S. 14:67. Id. at 1200.
In the instant case, the defendant argues that “the minimum use of force in the case herein did not dispossess the victim of an object of value. By the victim’s own testimony, he got off it (the bicycle), which undersigned counsel disputes as being insufficient.” The defendant claims that since the victim voluntarily removed himself from the bicycle, the kick that the victim received was not enough force to convict the defendant.
The defendant’s assertions are erroneous. In this case, the defendant kicked the victim while the victim was on his own bicycle. The defendant told the victim to “get off the M.F.ing bike.” The victim then fled, out of fear. The defendant then got onto the victim’s bicycle and pedaled *1214 until stopped by the victim’s father. The actions and verbiage used by the defendant when he first approached the victim are separate acts from the taking of the bicycle. The defendant used force or intimidation to get the victim off of the bicycle and then took the bicycle. The initial action of the defendant (kicking the victim) is sufficient under LeBlanc to establish the requisite use of force as contemplated by the statute.
Robbery is an offense against the person whereas theft is an offense against property. It is the increased risk of danger to human life when a theft is attempted in the face of the victim’s opposition that caused the legislature to differentiate between robbery and theft. State v. Johnson, 411 So.2d 439 (La.1982). This claim is without merit.
In his fourth assignment of error, the defendant argues that the State failed to prove the element of “taking.” The defendant first asserts that the victim got off of the bicycle and “abandoned” it, therefore, the bicycle was not in the immediate control of the victim. The defendant, however, continues his argument by claiming that it was the defendant who got off of the bicycle indicating the defendant’s intent or willingness to “either dispossess himself of the bicycle or return it.” The defendant goes further and argues that the defendant said only “get off the M.F.ing bike”, and that he did not say “give me your bike” or something similar, which would show the defendant’s intent to take the bicycle. The defendant then states that the “victim’s testimony that the defendant got off the bike indicates evidence of his intent not to ‘take,’ or at least his intent to abandon the presumed intent of criminal consequences.”
None of these arguments have merit. The standard of review for a claim of insufficient evidence, as provided in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Here, the State presented two witnesses who both stated that the defendant kicked the victim while the victim was on his bicycle, the victim fled without the bicycle, and the defendant rode off on the victim’s bicycle. In the instant case, the evidence presented by the State supports a finding of the essential elements of simple robbery, the crime charged. This claim is without merit.
In his fifth assignment of error, the defendant makes three distinct arguments under this claim. First, the defendant argues that none of the witnesses should have been allowed to testify to: 1) the post-arrest chase of the defendant, 2) the fact that once placed in the car, the defendant began banging his face on the police car window, 3) the release of a dog from the yard of the defendant and 4) the fact that the defendant came out of his home with a plunger inside of a bag (which appeared to be a gun). The defendant claims that all of these are irrelevant and prejudiced the jury. The defendant cites no authority to support his position. At trial Counsel for the defendant did not object to any of this testimony, therefore, pursuant to C.Cr.P. article 841, this argument was not preserved for appeal.
The record in this case is insufficient to support an accurate review of the defendant’s current or future claims of ineffective assistance of counsel. The defendant should be allowed the benefit of raising this claim in an application for post conviction relief, filed in the trial court where a full evidentiary hearing can be conducted. State v. Prudholm, 446 So.2d 729 (La.1984); State v. Reed, 483 So.2d 1278 (La.App. 4th Cir.1986).
Finally, defendant claims that the trial court provided an erroneous example of what may constitute an “attempt” during his jury charge. The example given by the trial court is as follows:
Let’s assume it’s my intention, in front of you six people, to shoot the court reporter, the lady seated before you. Let’s say there is a gun on my desk, and I pick up the gun. I’m doing this in front of you. I open the gun, and I put *1215 bullets in it, and I close the gun. And I point the gun at her, and I pull the trigger. Let’s say the bullet fails to discharge from the weapon. From everything that you six people saw you could say that it was the intention of the judge to shoot the court reporter. And I did at least one act in furtherance of that intent. One act is I picked up the gun. That’s one act. Another act is I loaded the gun. Another act is I pointed it at her. And the fourth act is I pulled the trigger. Those are all separate and distinct acts evidencing my intent to shoot the court reporter. That’s one way in which you can find someone guilty of an attempt. I have the intent to do it, and I do one act in furtherance of my intent.
The defendant argues that the act must signify intent, not just constitute preparation. The defendant’s interpretation of the definition of attempt is erroneous. R.S. 14:27(A) defines attempt as “[a]ny person who, having specific intent to commit a crime, does or omits an act or the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.” We find no error in the example given to the jury by the trial judge.
For the foregoing reasons, the defendant’s conviction and sentence for attempted simple robbery are affirmed, and the trial court is hereby ordered to correct the minute entry and docket master to reflect the waiver of court costs as set forth in the sentencing transcript.
AFFIRMED, AS AMENDED