ARMSTRONG, Judge.
Defendant Sharon C. Hill, was charged by bill of information with armed robbery, a violation of La.R.S. 14:64. After pleading not guilty, she was tried by jury and found guilty of simple robbery. She was subsequently sentenced to serve one year at hard labor, with credit for time served. Defendant now appeals.
On October 27, 1990 at about 10:35 a.m., the victim, sixty-seven year old John Brooks, was sitting on the porch at 1408 South Rampart Street when his friend, Booker Washington, approached him and handed him two five-dollar bills. Washington told Brooks that he was giving the money to Brooks as a birthday present. Defendant Sharon Hill, who was walking down street toward Mr. Brooks, saw Washington give the money to Brooks and apparently overheard what Washington said to Brooks about the money being a birthday present. Mr. Brooks had known defendant for ten to fifteen years by her street name, “Shay”. Defendant walked up to Mr. Brooks, told him that it was her birthday and asked him what was he going to give her as a birthday present. Mr. Brooks said that he had nothing to give her. She then snatched the two five-dollar bills from his hand. He asked her to give back the money. She refused and acted as if she was going to put the money in her bra.
At that point, a man named “Sam,” who had been walking down the street from the same direction from which defendant had come, walked up to Mr. Brooks, pulled a gun from underneath his shirt and accused Mr. Brooks of taking money from his “old lady,” defendant Sharon Hill. Mr. Brooks asked Sam if this was a hold-up. Sam replied “yes.” Mr. Brooks got up to go into the house to telephone the police. As he did so, the man named Sam pointed his gun at Mr. Brooks and stated that Mr. Brooks did not have the courage to go inside. Mr. Brooks nevertheless went inside the house, where his girlfriend lived, and telephoned the police. When he went back outside defendant and the man named “Sam” were gone. Two people who had been standing across the street told Mr. Brooks that “Sam” had gotten on a bicycle and ridden off in a riverbound direction, and that defendant had also disappeared.
Officer Trudeau arrived on the scene to investigate. He obtained descriptions of the perpetrators and radioed them to other officers. He and Mr. Brooks also drove around the area looking for the two offenders, but did not find them.
Officer Sullivan conducted the follow-up investigation of the case. When he read Officer Trudeau’s police report describing the incident he saw that Mr. Brooks had identified the woman as someone named “Shay”. He knew that defendant went by that- name. Consequently, he obtained a picture of defendant and pictures of five other women and presented a photographic line-up to Mr. Brooks. Mr. Brooks identified defendant Sharon Hill as the perpetrator. She was subsequently charged with armed robbery.

Errors Patent:

A review of the record for errors patent reveals none.

Assignment of Error:

By defendant’s sole assignment of error she contends that insufficient evidence exists to support the conviction. In evaluating the sufficiency of the evidence to support a conviction, the appellate court must determine whether, viewing all of the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Mussall, 523 So.2d 1305 (La.1990).
La.R.S. 14:65 defines simple robbery as:
[T]he taking of anything of value belonging to another from the person of another or that is in the immediate control of *1271 another, by the use of force or intimidation, but not armed with a dangerous weapon.
Robbery is an offense against the person whereas theft is an offense against property. It is the increased risk of danger to human life caused when a theft is attempted in the face of the victim’s opposition that caused the legislature to differentiate between robbery and mere theft. State v. Johnson, 411 So.2d 439 (La.1982). The property taken in a robbery must be sufficiently under the victim’s control that, absent force or intimidation, the victim could have prevented the taking. State v. Thomas, 447 So.2d 1053 (La.1984).
Defendant contends there was insufficient evidence that she took the money by the use of force or intimidation.
Mr. Brooks testified that defendant “snatched” two five-dollar bills from his hand. She refused to return them and, as he grabbed for the two bills, she attempted to put them in her bra. Later in his testimony, Mr. Brooks said that defendant also slapped him. However, he also said he “thought it was play until [the man with the gun] come [sic] in.” Defendant “snatched” the money out of Mr. Brook’s hand in a face-to-face confrontation. After he apparently protested and made a grabbing motion to get the money back, defendant slapped him. The combination of these two acts by defendant are sufficient to establish the element of force. See State v. Jackson, 454 So.2d 1220 (La.App.2d Cir.1984). It is not necessary that there be both force and intimidation, force alone is enough.
Viewing the evidence as a whole, in a light most favorable to the prosecution, we find that any rational trier of fact could have found the essential elements of the offense of simple robbery present beyond a reasonable doubt.
For the foregoing reasons, we affirm defendant’s conviction and sentence.
AFFIRMED.