h GAUDIN, Judge.
Gene A. Harp Jr. was convicted by a jury in St. John the Baptist Parish of molestation of a juvenile, LSA — R.S. 14:81.2, and sentenced to 48 months at hard labor. We affirm.
On appeal, Harp contends (1) that the evidence did not support his R.S. 14:81.2 conviction and (2) that the trial judge wrongly denied the request for a special jury instruction.
ASSIGNMENT NO. 1
Harp argues, somewhat curiously, that while he was guilty of indecent behavior with a juvenile, which would be a violation of R.S. 14:81, he was not guilty of molestation. Both R.S. 14:81.2 and 14:81, however, are felonies, each having maximum penalties in excess of the 48 months given to Harp.
According to trial testimony, Harp had just arrived on August 17, 1996 from Arkansas with his 40-pound dog, a chow named Abby. He planned to stay in a spare bedroom in Sharon James’ house while seeking employment here. Also living with Ms. James at that time were her fiance, who was Harp’s uncle, and nine-year old Sarah, Ms. James’ daughter. Harp’s dog had | glost hair and was described by Ms. James as “kind of ugly.” Ms. James, who had four chows, one of which was Abbjfs mother, said that this type dog is “aggressive.” If they don’t know you, she stated, they can be “very mean.”
Sarah was immediately afraid of Harp’s dog. Ms. James said it “growled and snapped” at her daughter. Sarah said the dog had snapped at her and that she was fearful.
That night at about 4 a.m. while Sarah was asleep on the living room couch, she woke up *1271 feeling “cold.” Her panties had been pulled down and she said that Harp was “... licking my bottom and rubbing in the crack with his finger.” Sarah said that he also “rubbed in front.” She testified that she didn’t right away tell Harp to stop touching her "... because I was afraid of the dog ... he was going to sic the dog on me.” Later, when Harp went to the bathroom, Sarah hurried to Ms. James’ bedroom and said: “Mom, mom, wake up, that man is a child molester.” Sarah said that after Harp went into the bathroom, he whispered for her to also come in. Instead, she ran to her mother.
Harp admitted in a videotape confession and to the jury what he had done to Sarah but he also told the jurors, as he now contends on appeal, that he should have been charged with indecent behavior of a juvenile, not molestation.
Molestation of a juvenile, R.S. 14:81.2, reads as follows, in pertinent part:
“Molestation of a juvenile is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, | ¡¡threat of great bodily harm or by the use of influence by virtue of a position of control or supervision over the juvenile. Lack of knowledge of the juvenile’s age shall not be defense.”
Harp argues that he did not use force, duress, intimidation or threats or attempt to physically restrain Sarah and that he was in no position of control over her. He says he should have been charged with a violation of R.S. 14:81, described thusly:
“Indecent behavior with juveniles is the commission of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater that two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person. Lack of knowledge of the juvenile’s age shall not be a defense.”
The conspicuous difference between R.S. 14:81.2 and R.S. 14:81 is that the molestation statute, 14:81.2, requires something more than the mere exertion of physical effort necessary to commit the lewd act. The so-called “use of force” element refers to the forcible means of overcoming the will or the resistance of a victim. See State v. LeBlanc, 506 So.2d 1197 (La.1987). This added element of force or intimidation must be greater or substantially different from the effort necessary to commit the less serious offense of indecent behavior with a juvenile, R.S. 14:81.
In State v. Mack, 514 So.2d 567 (La.App. 4 Cir.1987), the Fourth Circuit citedState v. LeBlanc, supra, in affirming the molestation of a juvenile conviction of a man who used “duress and intimidation” to accomplish the criminal act. The 15-year-old victim acquiesced in sexual activity because she was afraid that if she didn’t she would be “stranded at a strange place on a January night without a ride home.”
Harp was an adult house guest and physically superior to Sarah. In his mind, perhaps, Sarah had no reason to fear the dog, which was present in |4the living room when Harp acted; but there is little doubt that the jury found that Sarah did not immediately resist because she felt threatened, and was intimidated by Abby’s presence and that she had good reason to believe that the dog could or would bite her, having been growled and snapped at just hours before by this unfamiliar animal.
Under the unique circumstances of this case, and considering the fact that Sarah’s testimony was found reasonable and truthful, this incident is covered by and included in R.S. 14:81.2.
ASSIGNMENT NO. 2
Harp asserts in this assignment that it was prejudicial error for the trial judge to refuse *1272 his special jury charge regarding force as it applies to R.S. 14:81.2.
The trial judge, however, did instruct the jury on the necessary presence or use of some outside factor. He said:
“In order to convict the defendant of molestation of a juvenile, you must find ... that the defendant used force, violence, duress, menace, psychological intimidation or threat of great bodily harm to accomplish this act.”
The trial judge gave further instructions on the crime of indecent behavior with a juvenile, which includes as an element a lewd or lascivious act but not an element of force.
The trial judge likely did not dwell on the distinction between the crimes as long as Harp would have liked, but the charge as a whole shows no prejudice.
IsERROR PATENT
The transcript of Harp’s August 19, 1997 sentencing reveals that he was not advised of the three-year time limit for filing an application for post-conviction relief, required by LSA-C.Cr.P. art. 980.8. The trial judge is hereby directed to send written notice to Harp within 20 days of the rendering of this opinion and to file written proof in the record that Harp received such notice.
We remand only for compliance with Art. 930.8. Otherwise, Harp’s conviction and sentence are affirmed.
CONVICTION AFFIRMED, REMANDED FOR ART. 930.8 COMPLIANCE.