749 So.2d 784 (1999)
STATE of Louisiana
v.
Kazimirz STEC.
No. 99-KA-633.
Court of Appeal of Louisiana, Fifth Circuit.
November 30, 1999.
*786 Paul D. Connick, Jr., District Attorney, 24th Judicial District, Rebecca J. Becker, Terry Boudreaux, Joan Benge, Spiro Latkis, Assistant District Attorneys, Gretna, Louisiana, Attorneys for Appellee.
Katherine M. Franks, Baton Rouge, Louisiana, Attorney for Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., THOMAS F. DALEY and MARION F. EDWARDS.
EDWARDS, Judge.
Defendant/appellant Kazimirz Stec appeals the judgment of the trial court finding him guilty of attempted indecent behavior with a juvenile in violation of LSA-R.S. 14:27:81. Mr. Stec was accused of fondling a six year old boy on the front steps of an apartment complex. He alleges on appeal that the evidence was insufficient to convict him of the crime accused. For the following reasons, we affirm and remand for re-sentencing.
On October 19, 1998, the victim, a six year old boy, was playing in front of his apartment complex. Kazimirz Stec, a forty-seven year old man of foreign descent, was relaxing on the front steps of the complex after completing a renovation job for a friend. He had been drinking while working, but claims not to have been intoxicated. Mr. Stec allegedly called the young boy over to him to talk, then put his arms around the boy and began to fondle his genitalia. The victim's mother ran outside when she heard her son screaming. When she arrived, she witnessed Mr. Stec with his arms around her son's waist while fondling him. She attempted to pull the boy away, but Mr. Stec would not let go of him. She finally pried her son away from him, then ran to a neighbor's apartment and called the police.
A deputy of the Jefferson Parish Sheriff's Office arrived on the scene to investigate. After the victim's mother gave her description of events, the deputy arrested Mr. Stec, who smelled strongly of alcohol and who exhibited slurred speech. He did not speak English very well, but he understood the deputy's commands and responded to them.
Mr. Stec was charged with indecent behavior with a juvenile in violation of LSA-R.S. 14:81. The case was tried on February 23, 1999 before the Honorable Charles V. Cusimano, II of the Twenty-Fourth Judicial District Court. A six-person jury returned a verdict of guilty to the lesser included offense of attempted indecent behavior with a juvenile in violation of LSA-R.S. 14:27:81. The trial judge ordered a pre-sentencing investigation and a motion for post-judgment verdict of acquittal/motion for new trial was filed by the defendant on that same day.
On April 19, 1999, the trial court sentenced the defendant to one year in parish prison with credit for time served. An oral objection was made to the sentence. Mr. Stec filed a motion for appeal on April 20, 1999. The matter is now before this Court for review.

LAW AND ANALYSIS
Mr. Stec has alleged three assignments of error on appeal. In his first assignment of error, he alleges that the evidence is insufficient to sustain the verdict of guilty to the offense of attempted indecent behavior with a juvenile. In his second assignment of error, he alleges that the sentence of one year is excessive and inadequately reasoned. In his third and final assignment of error, he alleges that the sentence was prematurely imposed as the post-trial motions remain outstanding. Assignments of error one and two are without merit and the judgment of the trial court must be affirmed. However, Mr. Stec has correctly alleged error by the trial court in his third assignment and *787 the sentence must be vacated and remanded for re-sentencing.
In his first assignment of error, Mr. Stec alleges that the evidence was insufficient to sustain the verdict. The constitutional standard for testing the sufficiency of the evidence, enunciated in Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Styles, 96-897 (La.App. 5th Cir. 3/25/97), 692 So.2d 1222, 1232; writ denied, 97-1069 (La.10/13/97), 703 So.2d 609; State v. Hebrard, 94-410 (La.App. 5th Cir. 1/31/95), 650 So.2d 352; State v. Mussall, 523 So.2d 1305 (La.1988).
The Louisiana Supreme Court in State ex rel Graffagnino v. King, 436 So.2d 559, 563 (La.1983) stated:
It is the role of the fact-finder to weigh the respective credibilities of witnesses, and this court will not second-guess the credibility determinations of the trier of fact beyond our sufficiency evaluations under the Jackson standard of review.
It is not the function of the appellate court to assess the credibility of witnesses or to reweigh the evidence. State v. Rosiere, 488 So.2d 965, 968 (La.1986); State v. Sampson, 95-58 (La.App. 5th Cir. 5/30/95), 656 So.2d 1085, 1088; writ denied, 95-1665 (La.11/27/95), 663 So.2d 730. In the absence of internal contradiction or irreconcilable conflicts with physical evidence, the testimony of one witness, if believed by the court, is sufficient to support a conviction or convictions. State of Louisiana in the Interest of L.A., 95-409 (La.App. 5th Cir. 12/13/95), 666 So.2d 1142.
The crime of indecent behavior with a juvenile is codified in LSA-R.S. 14:81, which states in part:
A. Indecent behavior with juveniles is the commission of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person. Lack of knowledge of the child's age shall not be a defense.
To convict a defendant of this offense, the State must prove that (1) there was an age difference of greater than two years between the accused and the victim, who was not yet seventeen; (2) the accused committed a lewd or lascivious act upon the person or in the presence of a child; and (3) that the accused intended to arouse or gratify either his own or the victim's sexual desires. State v. Schenck, 513 So.2d 1159 (La.1987); State v. Day, 98-964 (La. App. 5th Cir. 3/10/99), 735 So.2d 56. The statute was amended effective August 15, 1997 to remove the requirement that the defendant be over the age of seventeen.
In the present case, Mr. Stec was found guilty of attempted indecent behavior with a juvenile. Any person who has the specific intent to commit a crime, or does or omits an act for the purpose of and tending directly toward the accomplishing of his object, is guilty of an attempt to commit the offense intended, and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose. LSA-R.S. 14:27.
Mr. Stec argues that insufficient evidence was produced at trial to support a finding that the second and third elements were satisfied, namely that he committed a lewd or lascivious act upon the person or in the presence of a child and that he intended to arouse or gratify either his own or the victim's sexual desires. A lewd or lascivious act is one which tends to excite lust and to deprave the morals with respect to sexual relations and which is obscene, indecent, and related to sexual impurity or incontinence carried on in a wanton manner. State v. Holstead, 354 So.2d 493 (La.1977); State v. Rollins, 581 So.2d 379 (La.App. 4th Cir.1991).
*788 The Louisiana Supreme Court examined whether this type of touching could support a conviction for attempted indecent behavior with a juvenile in State v. LeBlanc, 506 So.2d 1197 (La.1987). In LeBlanc, the victim, a 14-year-old boy, was jogging on the road when defendant drove his truck alongside the victim and began to talk to him. The defendant asked the victim if he was having sex with his girl-friend and offered to masturbate the victim for money. Id. at 1198. When the victim declined, the defendant placed his thumb into the victim's shorts and his fingers on the outside of his pants over the victim's genitals. The victim reacted by punching the defendant in the face and running away. Id. at 1198.
The defendant in LeBlanc was charged with attempted molestation of a juvenile in violation of LSA-R.S. 14:81.2. The elements of this crime are very similar to the elements of indecent behavior with a juvenile except that molestation requires that the lewd or lascivious act must be committed by the use of force. The LeBlanc case centered around whether the force element of molestation had been satisfied. After an extensive review, the Louisiana Supreme Court found that the force element had not been satisfied. But the Louisiana Supreme Court found that the elements for attempted indecent behavior with a juvenile had been proved, and the court modified the defendant's conviction to attempted indecent behavior with a juvenile. Id. at 1201.
In the present case, the victim testified both in court and on video tape that Mr. Stec grabbed him and touched his "privacy." In his video interview, the victim indicated that he used the term "privacy" to mean his groin. The victim's mother also testified that when she came outside she saw Mr. Stec fondling her son around his penis.
Mr. Stec took the stand at trial. He admitted to being in front of the apartment and talking to the victim. He also admitted to putting his hand on the victim's shoulder, but he denied fondling the boy. The jury apparently believed the victim and his mother's version of events. As for the question of whether the evidence of the touching was sufficient to support a finding of lewd or lascivious conduct, the touching could support such a finding by a rational trier of fact.
Mr. Stec states that the touching in this case is of an accidental or unintentional nature. However, the facts, as produced at trial, do not support such a conclusion. Both the victim and his mother testified that the mother had to pull the victim away from Mr. Stec because he would not let go of the victim. Based on the fact that the mother had to pull the victim away, it appears that the touching was not accidental or unintentional.
Mr. Stec further argues that the State failed to present sufficient evidence to support a finding that he had the intention to arouse or gratify either his own or the victim's sexual desires. It is noted that while the majority of the convictions for indecent behavior with a juvenile in Louisiana based on instances of touching involve multiple contacts with the same victim, multiple victims, or sexual talk by the defendant, no court has required any of these factors to uphold a conviction. See, LeBlanc, supra; State v. Murphy, 515 So.2d 558 (La.App. 1st Cir.1987), reversed on other grounds, 542 So.2d 1373 (La.1989).
Finally, Mr. Stec argues that he was intoxicated and could not form the requisite intent. LSA-R.S. 14:15 states that:
The fact of an intoxicated or drugged condition of the offender at the time of the commission of the crime is immaterial, except as follows:
(1) Where the production of the intoxicated or drugged condition has been involuntary, and the circumstances indicate this condition is the direct cause of the commission of the crime, the offender is exempt from criminal responsibility.

*789 (2) Where the circumstances indicate that an intoxicated or drugged condition has precluded the presence of a specific criminal intent or of special knowledge required in a particular crime, this fact constitutes a defense to a prosecution for that crime.
Mr. Stec argues that, based on this provision, he was too intoxicated to form the specific intent required to commit attempted indecent behavior with a juvenile.
Intoxication is in the nature of an affirmative defense to a criminal charge and the burden is upon the defendant to prove the existence of that condition at the time of the offense. Whether voluntary intoxication in a particular case is sufficient to preclude specific intent is a question to be resolved by the trier of fact. State v. Leeming, 612 So.2d 308 (La.App. 5th Cir.1992); writ denied, 616 So.2d 681 (La.1993); State v. Freeman, 517 So.2d 390 (La.App. 5th Cir.1987).
The victim's mother testified that Mr. Stec smelled strongly of alcohol at the time of the incident. The arresting officer testified that he appeared drunk at the time of his arrest. Mr. Stec denied that he had been drunk and testified that he had consumed only three beers. Based on his own testimony, it appears that Mr. Stec failed to carry the burden that he was drunk at the time of the incident.
Based on the foregoing, the State has satisfied its burden of proving the essential elements of the crime of attempted indecent behavior with a juvenile. Mr. Stec failed to prove that the touching was either accidental or a result of his intoxication. The judgment of the trial court must be affirmed.
In his second assignment of error, Mr. Stec alleges that the sentence imposed was excessive and inadequately reasoned. It is first noted that he did not file a motion to reconsider sentence following the imposition of his sentence. LSA-C.Cr.P. art. 881.1 provides that a defendant may file a motion to reconsider sentence within thirty days of sentencing. The article requires that the motion be made orally at the time of sentencing, or in writing, and that it set forth the specific grounds on which the motion is based. The failure to file a motion to reconsider sentence, or to state the specific grounds on which the motion is based, precludes the defendant from raising those grounds on appeal. State v. Mims, 619 So.2d 1059 (La.1993); State v. Holmes, 94-907 (La. App. 5th Cir. 3/15/95), 653 So.2d 642. In State v. Mims, the Louisiana Supreme Court was silent as to whether the failure to comply with article 881.1 precludes even a claim of constitutional excessiveness. In an abundance of caution, we shall consider the issue of whether the sentence was constitutionally excessive. See State v. Jackson, 96-661 (La.App. 5th Cir. 4/9/97), 694 So.2d 440; writs denied, 97-1050 (La.10/13/97), 703 So.2d 609, and 97-1255 (La.10/13/97), 703 So.2d 612.
The Eighth Amendment to the United States Constitution and Article 1 § 20 of the Louisiana Constitution prohibit the imposition of excessive or cruel punishment. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. State v. Lobato, 603 So.2d 739 (La.1992); State v. Munoz, 575 So.2d 848 (La.App. 5th Cir.1991); writ denied, 577 So.2d 1009 (La.1991). The trial judge has wide discretion in imposing sentences within the statutory limits, and sentences will not be set aside as excessive absent manifest abuse of that broad discretion. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Riche, 608 So.2d 639 (La.App. 5th Cir.1992), writ denied, 613 So.2d 972 (La.1993).
Mr. Stec was convicted of attempted indecent behavior with a juvenile in violation of LSA-R.S. 14:27:81. LSA-R.S. 14:81 has the following penalty provision:
C. Whoever commits the crime of indecent behavior with juveniles shall be *790 fined not more than five thousand dollars, or imprisoned with or without hard labor for not more than seven years, or both, provided that the defendant shall not be eligible to have his conviction set aside or his prosecution dismissed in accordance with the provisions of Code of Criminal Procedure article 893.
LSA-R.S. 14:27(D), defining punishment for attempt, addresses sentencing as follows:
(3) In all other cases he shall be fined or imprisoned or both, in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both.
The maximum sentence for attempted indecent behavior with a juvenile is three and one-half years with or without hard labor.
Mr. Stec was sentenced to one year in parish prison with credit for time served. He argues that his conduct is better described as simple battery or false imprisonment, and he should therefore be sentenced accordingly. But this Court has found that the evidence was sufficient to convict on the charge of attempted indecent behavior with a juvenile, this argument is without merit. Absent a manifest abuse of the trial court's broad discretion, the sentence imposed must not be disturbed on appeal.
In his third and final assignment of error, Mr. Stec alleges that the trial court erred by prematurely imposing sentence as the post-trial motions remain outstanding. LSA-C.Cr.P. art. 821 provides that "[a] motion for a post verdict judgment of acquittal must be made and disposed of before sentence." LSA-C.Cr.P. art. 853 also provides that "[a] motion for a new trial must be filed and disposed of before sentence." It has been held that sentencing, prior to a ruling on these motions, must be set aside and the case remanded for a ruling on the motions and then re-sentencing. State v. Randolph, 409 So.2d 554 (La.1981); State v. Wilson, 96-251 (La.App. 5th Cir. 10/1/96), 683 So.2d 775; State v. Pineyro, 93-765 (La.App. 5th Cir. 1/25/94), 631 So.2d 1203.
The trial court failed to address Mr. Stec's motion for post-judgment verdict of acquittal/motion for new trial before rendering the sentence. The sentence must be vacated and the case remanded to the trial court for a ruling on the post-trial motion and re-sentencing.
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Godejohn, 425 So.2d 750 (La.1983); State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La. App. 5th Cir.1990). An error was found on the record which must be corrected on remand.
The record reflects that the trial judge did not accurately advise the defendant of the period within which to file a post-conviction relief application. After sentencing the defendant, the trial judge informed the defendant that he had "three years to seek post-conviction relief." At the time of sentencing, LSA-C.Cr.P. art. 930.8 provided that a defendant had three years from the day the judgment becomes final in which to file an application for post-conviction relief. It is noted that the Louisiana Legislature amended article 930.8, effective on August 15, 1999, to shorten the prescriptive period. See 1999 La. Acts 1262. The amended article provides, in pertinent part:
A. No application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922, unless any of the following apply:
* * *
(3) The application would already be barred by the provisions of this Article, *791 but the application is filed on or before October 1, 2001, and the date on which the application was filed is within three years after the judgment of conviction and sentence has become final.
The application of the amended prescriptive period in defendant's case would not violate ex post facto prohibitions, because article 930.8 does not relate to an offense or its punishment. See State ex rel. Glover v. State, 93-2330, 94-2101, 94-2197 (La.9/5/95), 660 So.2d 1189. As the case is being remanded for re-sentencing, the trial court must inform Mr. Stec of the new prescriptive period at the time of re-sentencing because his sentence will now become final after the effective date of the amendment.
In summary, it is the opinion of this Court that the trial court did not err in finding Mr. Stec guilty of attempted indecent behavior with a juvenile. The evidence was sufficient to sustain the verdict. While the sentence was not excessive, the case must be remanded to the trial court because the sentence was prematurely imposed. The case must be remanded to the trial court for a ruling on the post-trial motion and re-sentencing.
AFFIRMED AND REMANDED FOR RULING AND RE-SENTENCING.