|2PER CURIAM.
Pursuant to a plea bargain, defendant pled guilty to one count of attempted simple robbery. The trial court imposed a sentence of 36 months, which defendant appeals as excessive. We affirm.
The evidence of record shows that on June 19, 1993, defendant entered Lee’s Grocery in Minden. He reached over the counter and took $60.00 from the cash register. Defendant ran from the store and fled in a car. After the police arrested defendant, the store clerk identified him as the robber.
Before imposing sentence, the trial court reviewed a presentence investigation report and noted that defendant was a second felony offender. A prior charge of purse snatching had been reduced to middle grade theft. Defendant was 35 years old and had committed the instant offense some 40 days after he pled guilty to the prior felony. Defendant was a diabetic. He claimed to have quit using cocaine and marijuana. He was unemployed, although he had completed the 10th grade. The court also noted that the applicable felony sentencing guidelines grid cell, 4D, recommended a sentence of 30 to 42 months.
When, as here, a defendant moves for reconsideration of a sentence which has been imposed within the designated sentence range of the selected grid cell, and urges merely that the sentence is excessive, under State v. Mims, 619 So.2d 1059 (La.1993), the defendant is “simply relegated to having the appellate court consider the bare claim of excessiveness.” This bare claim preserves only a claim of constitutional excessiveness. Mims, supra. We note that the trial court imposed sentence within the range ^suggested by the designated grid cell. An appeal based solely on a claim of exeessiveness, without a stated ground, when a sentence has been imposed within the designated sentence range of the grid cell selected, presents the appellate court with nothing to review because such a sentence is appropriate for an offender with that criminal history and is not excessive under the Louisiana Constitution. La.S.G. § 201(C); State v. Essex, 618 So.2d 574 (La.App.2d Cir.1993); State v. Barnes, 607 So.2d 872 (La.App.2d Cir.1992). Accordingly, the assigned error is without merit.
We have examined the record for error patent, LSA-C.Cr.P. Art. 920(2), and found none.
The conviction and sentence are affirmed.
AFFIRMED.
WILLIAMS, J., concurs.