690 So.2d 946 (1997)
STATE of Louisiana, Appellee,
v.
Joe TOMLINSON, Appellant.
No. 29355-KA.
Court of Appeal of Louisiana, Second Circuit.
February 26, 1997.
Indigent Defender Board by Charles A. Smith, Minden, for Appellant.
Richard Ieyoub, Attorney General, James M. Bullers, District Attorney, J. Schuyler Marvin, Assistant District Attorney, for Appellee.
Before NORRIS, WILLIAMS and PEATROSS, JJ.
PEATROSS, Judge.
Defendant, Joe Tomlinson, pled guilty as charged to one count of molestation of a juvenile. The trial court initially imposed a sentence of 15 years at hard labor, but upon the filing of a motion to reconsider, reduced the term to 10 years. Defendant now appeals the sentence of 10 years, urging only that it is excessive.[1] Finding the sentence well supported by the facts, we affirm.
*947 The record shows that in November, 1995, the 12-year-old victim told her family that the defendant, her grandfather, had been sexually molesting her. The 58-year-old defendant, a resident of Minden, admitted to his family that he had been fondling the child, including penetrating her vagina with his fingers, over a period of several months. A medical examination indicated such activity had occurred. The defendant was charged with molestation of a juvenile and pled guilty as charged.
Before imposing sentence on this second felony offender, the court reviewed a PSI which detailed the defendant's family situation, health and employment record. The PSI also indicated the defendant had a history of inappropriate sexual behavior with juveniles. In 1985, the defendant was involved in an incident in which he exposed himself to two young girls at a theater where he worked; he was fired but no charges were filed. In 1990, the defendant was arrested for molestation of a juvenile but pled guilty to attempted indecent behavior with a juvenile. He was sentenced to hard labor for that offense. After being released from prison, the defendant was involved in a sexual incident in 1993 with a mentally retarded juvenile girl. This incident resulted in the termination of the defendant's employment with the City of Minden, but no criminal charges were filed. The judge concluded that defendant had a history of pedophilia, that there was no cure for that condition and that, therefore, such conduct was likely to continue. The court found that anything less than the maximum sentence of 10 years would deprecate the seriousness of the offense. As a second felony offender, defendant was not entitled to probation.
On appeal, defendant contends that his sentence is excessive because it is the maximum which can be imposed. A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Hudgins, 519 So.2d 400 (La.App.2d Cir. 1988).
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. In the instant case, the record shows the trial court adequately considered the matters required by law and articulated the reasons for sentence on the record as required by La. C.Cr.P. art. 894.1.
The second prong of the excessiveness inquiry requires an examination of the circumstances of the case and the background of the defendant. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App.2d Cir.1989).
Generally, maximum sentences are appropriate only in cases involving the most serious violation of the offense and the worst type of offender. State v. Madison, 535 So.2d 1024 (La.App.2d Cir.1988); State v. Walker, 573 So.2d 631 (La.App.2d Cir.1991). A substantial advantage obtained by means of a plea bargain is a legitimate consideration in sentencing. State v. Smack, 425 So.2d 737 (La.1983); State v. Chriceol, 26,449 (La. App.2d Cir. 10/28/94), 645 So.2d 286.
On this record, we cannot say the district court manifestly abused its broad discretion. Defendant has a history of sexual offenses which strongly suggests he is a pedophile. His act of abusing his young grandchild is one of the most reprehensible variations of the offense of molestation of a juvenile. This was not an isolated incident, but involved a persistent pattern of abuse. Defendant received a substantial benefit from his plea bargain which guaranteed he would not be charged and sentenced as a multiple offender.
*948 The assigned error lacks merit.
We have examined the record for error patent and found none.

CONCLUSION
For the reasons expressed, we affirm the conviction and sentence.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] La.C.Cr.P. art. 881.1 requires that a defendant file a motion to reconsider sentence in order to raise an objection to the sentence on appeal. Defendant did not file a motion to reconsider sentence after the second sentencing. We, nevertheless, consider the excessiveness of the second sentence. See State v. Krogh, 620 So.2d 1324 (La.1993), in which the court held that filing a motion to reconsider the original sentence preserved the question of excessiveness in the defendant's appeal from his multiple bill sentence.