liSTEWART, Judge.
This criminal appeal arises from the 26th Judicial District Court, Parish of Bossier, the Honorable Harmon Drew, Jr., presiding. The defendant, Finnie Lee Shaw (Shaw) was charged with one count of attempted simple robbery. Shaw pled guilty to one count of attempted simple robbery and was sentenced to serve two years imprisonment at hard labor. The court denied the defendant’s motion to reconsider sentence. Shaw now appeals, urging that his sentence is excessive and that the trial court failed to adequately consider mitigating factors. We affirm.
FACTS
The presentenee investigation report (PSI) shows that on June 2, 1994, Shaw and his friend Don Summers saw Ms. Jackie Hammock win $1,100 at the Isle of Capri Casino in Bossier City and decided to take the money from her. The men followed the woman to her ear. However, a casino security guard escorted her to the parking lot, and she was able to leave safely. In their own vehicle, Shaw and Summers followed Ms. Hammock as she drove home. When Ms. Hammock arrived at home, she left the money and then drove back to the casino just before 4 a.m. Shaw and Summers followed her back to the casino.
Unaware that Ms. Hammock had left the money at her house, Shaw attacked the woman as she walked from the parking lot into the casino. Shaw grabbed Ms. Hammock, began striking her with his hands and tried to search her shorts for the money. However, Ms. Hammock screamed for help and struck Shaw in the groin area. Shaw fled to the parking garage and escaped in the vehicle driven by Summers.
A police officer recognized Shaw from the casino’s video surveillance tape, and police located and interviewed Shaw. In the first interview, Shaw told police that his encounter with Ms. Hammock was a fight related to an argument earlier in the evening, not a robbery attempt. However, Shaw later admitted that frhe and Summers had gone out drinking and, on the spur of the moment, attempted to rob Ms. Hammock.
The defendant pled guilty on March 6, 1995 and was sentenced on October 30,1995. At the sentencing hearing, defense counsel requested that Shaw be allowed to appeal the excessiveness of the sentence. Defendant subsequently filed a written motion to reconsider sentence. Defense counsel hand-dated the certification of service November 28, 1995. On December 7, 1995, the motion was set for a hearing in January 1996. The motion is stamped as filed on December 12, 1995. Apparently, no hearing was ever held *7 on the motion. The defendant was released on an appeal bond.
On November 26, 1996, the state filed a rule to show cause why Shaw should not begin serving his sentence because no appeal had been filed in his case. On January 6, 1997, counsel filed another motion to reconsider sentence, urging that neither he nor the D. A.’s office was notified of the 1996 hearing. The minutes reflect that this motion was considered and denied. The trial court then granted the defendant this appeal.
EXCESSIVE SENTENCE
SENTENCE UNCONSTITUTIONALLY EXCESSIVE
DENIAL OF THE MOTION TO RECONSIDER SENTENCE
The defendant’s complaints in this appeal all focus on his sentence. In assignment of error number one, the defendant complains that the trial court imposed an excessive sentence under the circumstances. In assignment of error number two, the defendant contends that the sentence imposed was unconstitutionally excessive. Finally, in assignment of error number three, the defendant asserts that the trial judge erred in denying the Motion to Reconsider Sentence.
_JjjOn appeal, the defendant argues that the trial court placed too much emphasis on the victim impact statement and should have given more consideration to the defendant’s first offender status, employment history, family ties and the effect of this conviction on his military career.
In sentencing the defendant, the court noted that Shaw pled guilty when the Felony Sentencing Guidelines were still in effect. Although the Guidelines had been repealed before imposition of this sentence, the court noted that the defendant was a grid-cell 4-G offender and that this classification was in the discretionary zone, permitting either a sentence of incarceration or a suspended sentence. The court said that the supplemental sentencing report ( not included with the record on appeal) recommended the defendant for probation because the defendant was a first offender and would likely be cooperative.
However, the court disagreed with this recommendation because of the impact that the crime had on the victim. In her statement for the PSI, the victim indicated that she had undergone six weeks of counseling to ease her fears as a result of this incident and believed that the defendant would have killed her if he had been armed. The PSI also reflects that the victim had undergone treatment at Barksdale AFB for physical injuries resulting from the defendant’s attack.
The court considered this information more significant than the defendant’s mitigating evidence. Defense counsel informed the court that the defendant was a first offender, was steadily employed and had two daughters (one and five years old). Counsel also said that a sentence of imprisonment would be a great hardship on the defendant’s family. The defendant himself addressed the court and said that he had been drinking on the night of the crime, had never been in trouble before and felt coerced into the crime by peer pressure. Finally, the defendant expressed great regret for committing the offense.
|4In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show adequate consideration of the criteria set forth in La.C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that the trial judge adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983). Remand is unnecessary when a sufficient factual basis for the sentence is shown. State v. Lanclos, 419 So.2d 475 (La.1982).
The second prong of the inquiry requires an examination of the circumstances of the case and the background of the defendant. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the *8 crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App. 2d Cir.1989).
A trial court is not required to render a suspended sentence or probation on a first (or qualifying second) felony offense. The judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant. State v. Strange, 28,466 (La. App.2d Cir. 6/26/96), 677 So.2d 587; State v. Tully, 430 So.2d 124 (La.App. 2d Cir.), writ denied, 435 So.2d 438 (1983).
In 1994, the penalty range for simple robbery was a fine of not more than $3,000 or imprisonment with or without hard labor for not more than 7 years, or both. La. R.S. 14:65. The attempted crime carried a maximum possible sentence of 3$ years imprisonment with or without hard labor. La. R.S. 14:27.
| BIn deciding that incarceration, not probation, was the appropriate sentence for this defendant, the court stated:
You’ve admitted and pled guilty to attempting to rob her, and I think you put her through pure hell, and I just can’t turn my back on that. You’ll have to do some hard labor time for having done that.
This statement amounts to a finding under La.C.Cr.P. 894.1(A)(3) that a lesser sentence would deprecate the seriousness of the defendant’s crime. The information in the PSI is sufficient support for this conclusion. The defendant’s attempt to rob the victim left her both physically injured and emotionally traumatized.
The record also reflects that, in addition to the aggravating factors noted above, the court considered the pertinent mitigating factors, including the fact that the defendant had been dishonorably discharged from the military as a result of this offense. In short, the record reveals adequate compliance with La.C.Cr.P. art. 894.1, and the trial court did not err in refusing to suspend the defendant’s sentence for this offense.
Nor does this 2-year sentence appear to be constitutionally excessive for this defendant. The sentence is close to the middle of the range for attempted simple robbery (0 to 3¡é years) and reflects defendant’s greater involvement in the offense than Summers. (The court sentenced Summers to serve 1 year imprisonment at hard labor.) Further, courts have affirmed harsher sentences in eases where defendants have caused equal or lesser harm but have more extensive criminal records. See, e.g., State v. Simpson, 26,779 (La.App.2d Cir. 03/01/95), 651 So.2d 910 (a Guidelines recommended sentence of 36 months for a grid-cell 4-D offender) and State v. Russell, 607 So.2d 689 (La.App. 4th. Cir.1992) (3 years for a defendant with an extensive arrest record). In State v. Harrison, 598 So.2d 1211 (La.App. 4th Cir.1992), the court affirmed a sentence of 3]/¿ years 1 (Imprisonment for an offender who kicked the victim on the leg; the offender’s criminal history was not specified. This defendant’s sentence seems appropriate considering these cases, the harm to the victim and the defendant’s crime-free past.
These assignments of error are without merit.
CONCLUSION
For the reasons given above, the defendant’s conviction and sentence are affirmed.
AFFIRMED.