713 So.2d 650 (1998)
STATE of Louisiana, Appellee,
v.
Marlin SMITH, Appellant.
No. 30614-KA.
Court of Appeal of Louisiana, Second Circuit.
May 13, 1998.
Rehearing Denied June 18, 1998.
*651 Peggy J. Sullivan, Monroe, Louisiana Appellate Project, for Appellant.
Richard Ieyoub, Attorney General, Jerry L. Jones, District Attorney, D. Brian Harkins, Assistant District Attorney, for Appellee.
Before MARVIN, C.J., and GASKINS and CARAWAY, JJ.
GASKINS, Judge.
The defendant, Marlin Smith, was found guilty by jury of possession of cocaine with intent to distribute and was sentenced to serve eight years at hard labor. He now appeals, claiming insufficiency of evidence upon which to base his conviction and arguing that the sentence imposed is excessive. For the following reasons, we affirm the conviction and sentence.

FACTS
On December 5, 1996, a West Monroe police officer observed a 1983 Ford Thunderbird traveling 65 m.p.h. in a 55 m.p.h. zone. The officer pulled behind the vehicle in an attempt to pace it. The driver of the car then made a lane change, but failed to properly signal. The vehicle was stopped and the officer made contact with the driver, Marlin Smith. A check of the defendant's driver's license showed that his license had been suspended. The defendant was issued a citation for the suspended license.
In an attempt to determine if any of the passengers in the vehicle possessed a valid driver's license, the officer approached the passenger side of the defendant's vehicle. The officer smelled the odor of marijuana *652 coming from the passenger window of the car. After talking to the passengers and noticing air fresheners, fast food wrappers and two packages of beer with an open container on the floorboard, the officer asked the defendant for permission to search the vehicle. The defendant consented to the search.
During the search, the officer found what he believed to be marijuana gleanings (seeds, residue, small trace amounts of vegetation) in the carpet area on the passenger side of the front seat. However, this material was never tested to determine if it was, in fact, marijuana. Between the center console and the driver's seat, the officer found a brown bag which contained six individually packaged plastic bags of crack cocaine. One of the officers who was present at the scene stated that the total weight of the cocaine was over one ounce. The officer conducted a field test and the substance tested positive for cocaine. The defendant and the passengers of the vehicle were transported to the Metro-Narcotics Unit for further questioning. One of the passengers was a 15-year-old juvenile. After being transported, the defendant was questioned and gave a voluntary tape-recorded statement in which he admitted that he purchased the cocaine and had it in the car. He stated he paid $150.00 for the drugs. The defendant was charged with possession of cocaine with intent to distribute. He was tried by jury and was found guilty as charged on June 17, 1997. The defendant appeared before the court for sentencing on July 31, 1997 and was ordered to serve eight years at hard labor. He filed a motion to reconsider sentence, contending his sentence was excessive. The motion was denied by the trial court. The defendant then appealed, arguing that there was insufficient evidence upon which to base his conviction and arguing excessiveness of sentence.

SUFFICIENCY OF EVIDENCE
The defendant argues that the evidence in this case is legally insufficient to support the verdict of possession of cocaine with intent to distribute. Specifically, the defendant contends the prosecution failed to establish he had intent to distribute the cocaine found in his possession. This argument is without merit.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Bellamy, 599 So.2d 326 (La. App. 2d Cir.1992), writ denied, 605 So.2d 1089 (1992).
TheJackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 47l (La.1983); State v. Lott, 535 So.2d 963 (La.App. 2d Cir.1988).
This court's authority to review questions of fact in a criminal case is limited to the sufficiency-of-the-evidence evaluation under Jackson v. Virginia, supra, and does not extend to credibility determinations made by the trier of fact. La. Const. art. V, § 5(C); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Rogers, 494 So.2d 1251 (La.App. 2d Cir.1986), writ denied, 499 So.2d 83 (1987); State v. Bosley, 29,253 (La.App.2d Cir. 4/2/97), 691 So.2d 347, writ denied 97-1203 (La.10/17/97), 701 So.2d 1333.
In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Ford, *653 28,724 (La.App.2d Cir. 10/30/96), 682 So.2d 847.
La. R.S. 40:967(A) states, in pertinent part:
[I]t shall be unlawful for any person knowingly or intentionally:
(1) To produce, manufacture, distribute, or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule II[.]
Cocaine is classified as a Schedule II drug under La. R.S. 40:964. The crime of possession with intent to distribute cocaine requires proof that the defendant knowingly and intentionally possessed the drug, and that he did so with the specific intent to distribute it. La. R.S. 40:967(A). In order for the state to obtain a conviction, it must prove the elements of the crime beyond a reasonable doubt. The defendant does not argue the possession element of the crime. Thus, our review should be limited to whether the state presented sufficient evidence to prove the intent element of the crime. See State v. Spencer 29,993 (La.App.2d Cir. 1/21/98), 707 So.2d 96.
The test for determining whether intent to distribute exists includes five factors: (1) packaging in a form usually associated with distribution; (2) evidence of other sales or attempted sales by defendant; (3) a large amount or quantity of the drug such as to create a presumption of intent to distribute; (4) expert or other testimony that the amount was inconsistent with personal use; and (5) the existence of any paraphernalia, such as baggies or scales, evidencing an intent to distribute. State v. House, 325 So.2d 222 (La.1975); State v. Lowery, 609 So.2d 1125 (La.App. 2d Cir.1992), writs denied, 617 So.2d 905 (La.1993). Testimony of street value and dosage of the drug is also relevant to the issue of intent. State v. Tornabene, 337 So.2d 214 (La.1976).
The evidence in this case, when viewed in a light most favorable to the prosecution, is sufficient to establish the essential elements of the charged offense. In this case, the defendant was found with six rocks of cocaine each individually packaged in a plastic bag. The plastic bags were then placed inside a brown paper bag. During the jury trial, the state presented the testimony of Detective Harold Freeman. Detective Freeman was qualified by the court as an expert in the packaging, distribution, sale, and cash value of crack cocaine. He testified that the crack cocaine recovered in the case was "close to an ounce" in weight. He stated that he had not actually weighed the cocaine, but was judging the weight from experience. He testified that a drug user would not be in possession of an ounce of cocaine just for personal consumption. Detective Freeman stated that normally, only one or two rocks would be found on a person who had the drugs for personal consumption. Further, it is common to find cocaine and drug paraphernalia for use (crack pipes) on suspects when they are arrested for possession of cocaine. Detective Freeman also stated a street level dealer may have some use paraphernalia, but the "bigger dealers" usually don't. In this case, the defendant was found with a quantity of cocaine inconsistent with personal use however, the record does not show that any paraphernalia for using the drugs was found in the defendant's possession.
Detective Freeman testified a single rock of cocaine would sell for $20.00 and would be the size of a pencil eraser or smaller. The street value of an ounce of cocaine, the amount found here, would be approximately $1,000.00 to $1,200.00 or more if the cocaine was broken up into smaller pieces. The record also shows that the pieces of cocaine were larger than those usually found for personal consumption.
The evidence presented at trial satisfies several of the House factors. Seized from the defendant's car were six individually packaged plastic bags containing crack cocaine. The cocaine "rocks" found were large in size and would not generally be possessed by a user. No paraphernalia for using the drugs was found in the defendant's possession. Detective Freeman also testified the quantity of drugs seized from the defendant was a larger quantity than that usually possessed by a user of cocaine. Detective Freeman also testified the drugs would have a *654 street value of $1,000.00-$1,200.00 or more despite the defendant's assertions that he only paid $150.00 for the drugs.
Considering the evidence presented, viewed in the light most favorable to the prosecution, there was sufficient evidence for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every element of the crime of possession of cocaine with intent to distribute. This assignment of error does not present reversible error.

EXCESSIVE SENTENCE
The defendant argues that the trial court erred in imposing an unduly harsh and excessive sentence and that the court erred in denying his motion to reconsider the sentence. The defendant contends that the trial judge improperly considered the amount of drugs involved in this offense and the fact that a juvenile was present in the defendant's car at the time of his arrest. The defendant argues that the weight of the drugs was not established at trial nor was the fact that a juvenile was in the car. He also argues that the trial court failed to give sufficient weight to the facts that the defendant does not have a prior criminal record and that he was only 23 years old at the time of sentencing. These arguments are without merit.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Tomlinson, 29, 355 (La.App.2d Cir. 2/26/97), 690 So.2d 946.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983). The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.), writ denied, 521 So.2d 1143 (1988); State v. Bradford, 29,519 (La.App.2d Cir. 4/2/97), 691 So.2d 864.
Defendant's penalty exposure for the instant offense was imprisonment at hard labor for not less than five years nor more than thirty years; in addition he could have been sentenced to pay a fine of not more than fifty thousand dollars. See La. R.S. 40:967(B)(1). The defendant was sentenced to eight years at hard labor.
Our review shows that the trial court considered the sentencing guidelines of La. C.Cr.P. art. 894.1 in imposing this sentence and adequately articulated for the record the considerations taken into account in imposing the sentence. During the sentencing hearing, the court noted it reviewed the presentence investigation report (PSI) in this case. The court noted the defendant had been classified as a 23-year-old first felony offender. Any possible reports of a juvenile record or adult record from Mississippi were unavailable. The defendant has two previous arrests in Fort Worth, Texas for theft by check and auto theft. The trial court stated that both charges were dismissed because the State of Arkansas was unable to extradite the defendant for those charges. The defendant denied use of drugs and alcohol and had no income at the time of the offense.
The court specifically noted it considered various factors from La.C.Cr.P. art. 894.1 in determining the defendant's sentence. The court opined there was an undue risk that the defendant would commit another crime if given a suspended or probated sentence based on the fact that the defendant was in possession of a large amount of drugs and *655 has failed to accept responsibility for his crime. The court found the defendant to be in need of correctional treatment or custodial environment, and that a lesser sentence would deprecate the seriousness of the crime. The court noted that the crime for which the defendant was found guilty did not adequately reflect the defendant's conduct and the defendant's sentencing exposure had been lowered. The court considered the major economic impact of the defendant's crime and the fact that a juvenile was in the vehicle at the time of the offense. In mitigation of the defendant's offense, the court found that the defendant was a first felony offender. The court stated it initially considered sentencing the defendant to ten years at hard labor, but after considering the mitigating factors decided to sentence the defendant to eight years at hard labor. Therefore, we find that the record demonstrated that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1 and adequately articulated for the record the reasons for the sentence imposed.
The second step of the inquiry requires an examination of the circumstances of the case and the background of the defendant. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App. 2d Cir.1989).
A trial court is not required to render a suspended sentence or probation on a first (or qualifying second) felony offense. The judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant. State v. Shaw, 29,927 (La.App.2d Cir. 10/29/97), 702 So.2d 5; State v. Bradford, 29,519 (La.App.2d Cir. 4/2/97), 691 So.2d 864.
Considering the facts of the case and the background of the defendant, we find that the eight-year sentence is not excessive. Despite the fact that the defendant was an unemployed 23-year-old first felony offender, he was found to be in possession of a large amount of cocaine. The defendant's sentencing exposure could have been greater had he been charged with possession of over 28 grams of cocaine. The defendant denied any drug usage therefore the motive for possession of the drugs appears to be profit. A juvenile was also present when the defendant was arrested for his crime. This sentence is well within the trial court's sentencing discretion and is tailored to both the offender and the offense and does not shock the sense of justice.

CONCLUSION
For the foregoing reasons, the conviction and sentence of the defendant, Marlin Smith are affirmed.
AFFIRMED.

APPLICATION FOR REHEARING
Before MARVIN, C.J., and BROWN, WILLIAMS, GASKINS and CARAWAY, JJ.
Rehearing denied.