JjPER CURIAM.
The defendant, Shantana Y. Adams, appeals as excessive her sentence to three years at hard labor following her guilty *189 plea to one count of issuing worthless checks in an amount over $500.00. We affirm the conviction and sentence.
FACTS
During May to October 1996, the defendant issued worthless checks in an aggregate value of over $100 drawn on two Washington state banks and exchanged them at two area merchants in Bossier Parish. During December 1997 to January 1998, the defendant issued worthless checks in an aggregate amount of over $500 drawn on two local credit unions and exchanged them at four local merchants. During August to October 1998, the defendant issued worthless checks in an aggregate amount of over $100, drawn on one local credit union and exchanged them at three merchants. In each instance of defrauding these nine merchants, the defendant knew she did not have sufficient funds on deposit to cover the checks.
The defendant was arrested and charged with one count of issuing worthless checks (IWC), in an amount over $500, and two counts of IWC in amounts more than $100 but less than $500. These offenses are violations of La. R.S. 14:71. The defendant faced a cumulative maximum sentencing exposure of fourteen years at hard labor and a fine of $7,000. The defendant agreed to plead guilty to one count of IWC in an amount over $500 in exchange for dismissal of the other two counts of IWC. The plea was entered on April 12,1999.
The defendant appeared before the court for sentencing on September 27, 1999. Noting that the defendant had an extensive criminal history, the court ordered that the defendant serve three years at hard labor with credit for time served.
^Following the denial of her timely motion for reconsideration of sentence, the defendant appealed, arguing that her three-year sentence is excessive. She contends that the sentence was not proportionate to the seriousness of the offense and the offender’s criminal history. She also asserts that she should have been given a suspended sentence and placed on probation. The defendant also complained that the sentencing court improperly considered arrests and pending charges in imposing sentence.
DISCUSSION
The record shows that in pronouncing sentence, the court considered the criteria set forth in La.C.Cr.P. art. 894.1. Prior to imposing sentence, the court reviewed a presentence investigation report (PSI) which elaborated the facts of the case and the 28-year-old defendant’s background. The court noted that the defendant obtained the dismissal of two counts of IWC through her plea bargain agreement, thereby receiving a reduction in her sentencing exposure.
The court considered the extensive facts of the case, and observed that the defendant had a similar felony charge in 1989, but had been allowed to plead to a misdemeanor. The defendant had convictions in 1993 for three counts of shoplifting. In 1994, bench warrants were issued for the defendant for shoplifting and for failure to appear in Shreveport City Court. In 1996, charges of IWC and aggravated battery were reduced to middle grade IWC. At the time of sentencing in the present case, the plaintiff also had pending charges of felony IWC, in addition to the two dismissed pursuant to the plea. We note that, contrary to the defendant’s assertion, in selecting a proper sentence, a trial judge is not limited to considering only a defendant’s prior convictions but may properly review all prior criminal activity. State v. Jackson, 612 So.2d 993 (La.App. 2d Cir.1993). The sources of information relied upon by the sentencing court may include evidence usually excluded from the courtroom at the trial of guilt or innocence, e.g., hearsay Land arrests, as well as conviction records. State v. Myles, 94-0217 (La.6/3/94), 638 So.2d 218. These matters may be considered even in the *190 absence of proof the defendant committed other offenses. State v. Anderson, 30,060 (La.App.2d Cir.10/29/97), 702 So.2d 40; State v. Jones, 31,569 (La.App.2d Cir.12/9/98), 724 So.2d 810.
The defendant was not recommended for probation due to her prior criminal history. Although appellate defense counsel urges that the district court should have imposed a probationary sentence, a trial court is not required to render a suspended sentence or probation on a first (or qualifying second) felony offense. The judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant. State v. Smith, 30,614 (La.App.2d Cir.5/13/98), 713 So.2d 650. The reasons articulated for denial of probation are more than adequate to uphold the district court’s decision.
The court noted that the defendant had been given opportunities in the past to make appropriate corrections in life but had failed to do so. The court concluded there was a strong likelihood of criminal conduct if the defendant were granted probation. There was no justification or mitigation for the defendant’s criminal conduct. She was in need of custodial treatment. Finally, the court expressed its opinion that a lesser sentence would deprecate the seriousness of the offense.
Although the defendant urges on appeal that the aggravating circumstances were not “present enough to a significant degree ... to warrant the degree of the sentence,” there is no requirement that specific matters be given any particular weight. State v. Berry, 29,945 (La.App.2d Cir.10/29/97), 702 So.2d 33.
On this record, we do not find constitutional error. The defendant, who was in her late twenties when she was issuing the subject worthless checks, was not a youthful offender. She had completed one year of college. Her police records also 1 indicate she was known by 16 aliases.[1] The record shows further that many, if not all the worthless checks, were written on closed accounts. The defendant received a substantial benefit from her plea bargain which reduced her sentencing exposure by four years imprisonment and $4,000 in fines. The sentence imposed is in the lower end of the sentencing range available under the statute of conviction. The sentence is neither grossly disproportionate to the severity of the offense nor shocking to the sense of justice. There is no showing of a manifest abuse of the district court’s broad discretion. Therefore, the sentence is not constitutionally excessive.
We have examined the record for error patent and have found none.
CONCLUSION
For the reasons stated above, we affirm the conviction and sentence of the defendant, Shantana Y. Adams.
AFFIRMED.

. The defendant was charged as "Shantana Y. Adams.” However, the record shows that, in addition to her numerous aliases, the defendant, her counsel and the court used the names "Shantana” and "Shatana” interchangeably.